HAYES v. UNITED STATES FIRE INSURANCE CO.

(Filed May 26, 1903.)

1. INSURANCE—*Fire Insurance—Policy—Mortgages.*

Where the insured fails to state that the property was mortgaged, when in fact it was mortgaged, the policy providing that the contract of insurance would be void if the insured property was mortgaged, invalidates the policy, though the omission was made without the intent to deceive.

2. INSURANCE—*Fire Insurance—Foreclosure of Mortgages—Policy.*

The commencement of foreclosure against insured property terminates the policy, there being in the policy a provision to that effect.

3. INSURANCE—*Fire Insurance—Adjustment of Loss—Waiver.*

An investigation of a loss by the insurer does not waive a breach of a condition by the insured, the policy providing that such investigation shall not operate as a waiver.

4. PLEADINGS—*Complaint—Allegations—Insurance—Waiver.*

A complaint averring an adjustment of the amount of loss under a fire insurance policy, does not amount to an allegation of waiver so as to require the defendant negatively to aver that such conduct was not a waiver of its defenses.

DOUGLAS, J., dissenting.

ACTION by W. A. Hayes and wife against the United States Fire Insurance Company, heard by Judge *Thomas A. McNeill* and a jury, at September Term, 1902, of the Superior Court of GUILFORD County. From a judgment of non-suit, the plaintiffs appealed.

*John A. Barringer,* for the plaintiffs.

*Charles M. Stedman,* for the defendant.

CLARK, C. J. On 16 October, 1900, the male plaintiff insured his barn and contents for one year in the sum of $700. In the application it was stated that the title to the property was unincumbered, and it was stipulated in the policy that "the entire policy should be void if the insured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein," or "be other than the unconditional and sole ownership," or "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy virtue of any mortgage or trust deed," etc. It appeared from the evidence offered by the plaintiffs that the plaintiffs had, on 1 August, 1899, taken a conveyance of the tract of land, on which the barn stood, to themselves jointly, for the recited consideration of $4,500, and on the same day had executed a mortgage to the vendor to secure said sum of $4,500 payable in nine instalments of $500 with interest, and that on 25 October, 1900 (nine days after the policy was taken out), the property was advertised for sale, under a power of sale in the mortgage, when only one instalment of $500 had been paid, and it was sold 3 December, 1900. In the meantime, the fire occurred on 1 December. After the fire, the male plaintiff endorsed on the policy an assignment of his interest therein to his wife, the other plaintiff herein.

The male plaintiff testified in his cross-examination that the agent of the company "made no inquiry of me as to the title to the land or barn. I had no intention to deceive the company by withholding the fact that there was a mortgage on the land. I did not omit to state that there was an en-

cumbrance on the property from any sinister motive." But the omission was as to a matter most material to the risk, the policy stipulated that it should be void "if the interest of the insured in the property be not truly stated herein," or if there was concealment of "any material fact or circumstance concerning this insurance or the subject thereof." Yet this was done, and the testimony of the male plaintiff that he "did not intend to deceive the company by withholding the fact that there was a mortgage on the land," is no defense. It was a most material fact, and, if made known to the company, would doubtless have prevented the insurance. Again, when the property was advertised for sale under the mortgage soon after the insurance (25 October), this terminated the insurance by the agreement in the policy, and the insured in good faith should at once have gone to the agent of the insurer and applied for cancellation of the policy and the return of a ratable proportion of the premium.

The plaintiff, however, relies upon the fact that the agent of the company went out to investigate the loss, and determined the amount of damages from the fire to be $679. But whatever inference of waiver might otherwise be drawn from such circumstance is negatived, not only by a stipulation in the policy that such investigation, in case of loss, should not be deemed a waiver of any objection to the liability of the company under the policy, but before making this investigation the insured and the agent of the company entered into a written agreement that such investigation and investment should "not waive or invalidate any of the conditions of the policy," or "any rights whatever of either of the parties," but was merely to avoid unnecessary delay to the plaintiff, and should not be taken in any wise as an acknowledgement of liability on the part of the company. This agreement was reasonable, and the consideration, saving delay to the plaintiff, is not only apparent, but is recited in the agree-

ment itself.  The complaint, while averring an adjustment of the amount of loss, does not allege that this constituted a waiver, and the defendant was not required to negatively aver that such conduct was not a waiver of its defenses.

Upon the facts shown in evidence by the plaintiffs, the court properly directed a judgment as of non-suit under the statute.

No Error.

DOUGLAS, J., dissents.