DOUGLAS P. DETTOR AND WIFE, ELIZABETH K. DETTOR v. BHI PROPERTY COMPANY NO. 101, A LIMITED PARTNERSHIP; AND BORUM AND ASSOCIATES, INC., AND MARVIN L. BORUM

No. 8818SC113

(Filed 2 August 1988)

**Reformation of Instruments § 7— conveyance of more property than intended by parties—overage to be reconveyed to seller**

Since a deed by mutual mistake of the parties conveyed a tract embracing almost five acres more than originally contemplated, the trial court could properly reform the deed to reflect the original intent to convey approximately twelve acres by ordering the return to plaintiffs of the amount of acreage in excess of the erroneous survey.

Judge PHILLIPS dissenting.

APPEAL by plaintiffs from *Mills, F. Fetzer, Judge.* Orders entered 20 November 1986 and 19 October 1987 in GUILFORD County Superior Court. Heard in the Court of Appeals 8 June 1988.

Following negotiations through a real estate broker, plaintiffs entered into a contract with defendant BHI Property Company No. 101 (BHI) for the sale and purchase of a parcel of real property in Guilford County. The contract contained the following pertinent provisions:

REAL PROPERTY: . . . more particularly described as †/-12 acres and highlighted in yellow on Exhibit A attached hereto, and more particularly described on Exhibit B attached hereto.

. . .

PURCHASE PRICE: The purchase price is $225,000.00 ($18,750 per acre) . . . .

. . .

The property shall be surveyed by a North Carolina Registered Surveyor at the expense of the Sellers and a copy of the current survey is to be provided by the Sellers to Buyer at least 10 days prior to closing. Property is to have approximately 12 acres as shown on "Exhibit A" attached hereto.

. . .

The purchase price of the 12 acre tract is to be adjusted by Eighteen Thousand, Seven Hundred Fifty ($18,750.00) Dollars per acre, up or down, using the difference in actual acreage and 12 acres, and the balance of said purchase price is to be paid to the Sellers at closing. . . .

. . .

The 12 acre tract proposed to be conveyed by the Sellers to the Buyer by this Contract, is a portion of a larger tract. . . .

A survey was subsequently made by defendant Borum and Associates, Inc. (Borum), who was employed by plaintiffs. The Borum survey indicated that the parcel to be conveyed contained 12.365 acres, and the purchase price was adjusted from $225,000.00 to $231,843.75. Plaintiffs conveyed the parcel to BHI by a deed which contained a description based on the survey. Several months after the conveyance, BHI discovered that the conveyed parcel actually contained 17.147 acres.

Plaintiffs subsequently commenced this action seeking, *inter alia*, reformation of the deed to defendant BHI to reflect the conveyance of 17.147 acres, instead of the 12.365 acres, and specific performance of BHI's contractual obligation to pay for the additional acreage received by the deed. BHI answered admitting the contract for the purchase and sale of real estate and that title to the subject property had passed, but asserting multiple counterclaims, and praying that the court either rescind the contract and conveyance, reform the deed to include only 12 acres, or leave the transaction undisturbed.

The parties subsequently filed cross-motions for summary judgment, and a hearing was held on 6 October 1986. On 20 November 1986 the court entered an Order denominated Partial Summary Judgment wherein it found as facts, *inter alia*, that "the parties agreed to the purchase and sale of a tract . . . that was to consist of approximately 12 acres" and that said tract was later, after closing, discovered to contain 4.782 acres more than anticipated. The court concluded that the parties' contract had been entered into under a "mutual mistake of fact," that plaintiffs' motion to reform was inequitable, that BHI's motion to rescind was inequitable, and that the parties "should be placed in as close a position as possible after consummation of the sale in order to

fulfill the terms and provisions of their written contract." The court therefore, sitting in its equity capacity, directed the appointment of three commissioners to designate 4.782 acres to be reconveyed to plaintiffs.

By letter dated 29 April 1987 the commissioners reported their findings and recommendations to the court, and on 19 October 1987 the court entered an Order confirming the commissioners' report and the antecedent Partial Summary Judgment and ordered defendant BHI to prepare and tender a deed to plaintiffs reconveying to them the 4.734 [sic] acres selected by the commissioners.

.Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith and John A. Dusenbury, Jr., for plaintiff-appellants.

Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr., for defendant-appellee.

WELLS, Judge.

In its 19 October Order confirming the commissioners' report and prior summary judgment the trial court stated that the Order constituted a final determination of all issues between plaintiffs and defendant BHI and that there was no just reason to delay a decision as to those issues. This appeal is therefore properly before us. See N.C. Gen. Stat. § 1A-1, Rule 54(b) of the Rules of Civil Procedure; Leasing Corp. v. Myers, 46 N.C. App. 162, 265 S.E. 2d 240, appeal dismissed, 301 N.C. 92 (1980).

By entering partial summary judgment the trial court obviously concluded from its review of the exhibits, pleadings, and discovery materials that there was no genuine issue of material fact and that judgment should be rendered as a matter of law. We agree that there are no genuine issues of material fact. Further, by ordering the defendant to reconvey 4.782 acres to the plaintiffs the trial court in effect reformed the deed and contract to reflect an original intent to convey approximately 12 acres of land. Our review is limited to determining whether this reformation was proper.

Reformation is a well-established equitable remedy used to reframe written instruments where, through mutual mistake or the unilateral mistake of one party induced by the fraud of the

other, the written instrument fails to embody the parties' actual, original agreement. *See Light v. Equitable Life Assurance Society*, 56 N.C. App. 26, 286 S.E. 2d 868 (1982). Reformation on the ground of mutual mistake is available only where the evidence is clear, cogent, and convincing. *Id.*

In the present case the deed and contract for sale seem to evince, on the one hand, an intent to convey a specific tract of land, described in metes and bounds with definite boundaries, courses, and distances. On the other hand, the contract for sale manifestly reflects a mutual understanding by the parties that the tract conveyed shall contain approximately 12 acres. For example, provision no. 3 of the contract provides as follows:

> 3. The property shall be surveyed by a North Carolina Registered Surveyor at the expense of the Sellers and a copy of the current survey is to be provided by the Sellers to Buyer at least ten days prior to closing. Property *is to have approximately 12 acres* as shown on "Exhibit A" attached hereto. [Emphasis added.]

In accordance with the above-quoted term, the plaintiffs engaged defendant Borum to execute the survey, and prior to the closing, plaintiffs delivered to BHI a survey map, prepared by Borum and properly dated, on which the tract to be sold was stated to contain 12.365 acres.

The plaintiffs contend in their brief that the trial court erred in ordering reconveyance by defendant BHI of 4.782 acres, that the original intent, or actual agreement, of the contracting parties was to transfer a specific tract of land, with payment to be made on a per acre basis, and that as a matter of law the deed should be reformed to reflect a conveyance of an additional 4.782 acres, for which BHI should pay an extra $89,662.50. We disagree. After careful consideration of the Record and briefs we conclude that the evidence is clear, cogent, and convincing that the heart of the parties' original agreement was the intent to convey approximately 12 acres.

The materials before the trial court showed that everyone involved in the negotiations assumed the subject parcel encompassed approximately 12 acres. For example, in his deposition of Mr. Fred L. Preyer, the realtor who represented BHI, plaintiffs'

counsel asked Mr. Preyer if he had done any rough calculation of the property acquired from the plaintiffs. Mr. Preyer answered: "No. I had—frankly, I had assumed that it had been done, because this has been talked about for about six to seven months, *and everybody had constantly used the twelve-acre figure.*" (Emphasis added.) Since the deed by mutual mistake of the parties conveyed a tract embracing almost five acres more than originally contemplated, the trial court could properly reform the deed to reflect the original intent to convey approximately 12 acres by ordering the return to plaintiffs of the amount of acreage in excess of Borum's erroneous survey. We therefore overrule all of plaintiffs' assignments of error.

In light of the fact that plaintiffs not only hired the surveyor who miscalculated, but also apparently had in their possession an unrecorded map showing the acreage of the disputed tract to be just under 18 acres, we are constrained to observe that if the trial court erred at all in its equity decree, it did so in plaintiffs' favor. As plaintiffs themselves remind us in their brief, our State's courts are loathe to disturb executed conveyances of land. *See Financial Services, Inc. v. Capitol Funds, Inc.,* 288 N.C. 122, 217 S.E. 2d 551 (1975).

Affirmed.

Judge BECTON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

The real estate that the parties contracted to purchase and sell was distinctly and definitely identified on the map and description incorporated into the contract as all the land between a 10-acre tract on the north and a creek on the south. This in my view establishes as a matter of law that the parties contracted for the purchase and sale of a specifically described and identified tract of real estate and that the court had no authority to modify that agreement because of their misconception as to the size of the tract. Furthermore, "the approximately 12 acres" defendants were to receive were specifically identified as the entire tract. I would vacate the judgment and remand to the Superior Court for the entry of summary judgment for the plaintiffs.