HAROLD F. THARRINGTON, EXECUTOR OF THE ESTATE OF DORIS H. WILLIAMS v. STURDIVANT LIFE INSURANCE COMPANY

No. 9323SC774

(Filed 7 June 1994)

**Insurance § 254 (NCI4th)— insurance application—material misrepresentation**

In an action to recover on a credit life and disability insurance policy issued by defendant, the trial court properly entered summary judgment for defendant where defendant satisfied its burden of showing as a matter of law that decedent's application for insurance contained a material misrepresentation that she had not consulted a doctor or been treated for a condition of the lungs at the time she signed; decedent, in fact, had consulted a

physician and was being treated for pulmonary fibrosis; decedent was not aware of the diagnosis until after she signed, but her knowledge was not required under the law; and this material misrepresentation entitled plaintiff to cancel the policy.

**Am Jur 2d, Insurance §§ 1055 et seq., 1067 et seq.**

**Insured's lack of knowledge of adverse health condition as affecting applicability of "good health" clause in insurance policy. 30 ALR3d 389.**

Appeal by plaintiff from judgment entered 29 June 1993 by Judge Julius A. Rousseau in Yadkin County Superior Court. Heard in the Court of Appeals 22 March 1994.

*Franklin Smith for plaintiff-appellant.*

*E. James Moore for defendant-appellee.*

MARTIN, Judge.

Plaintiff, the Executor of the Estate of Doris H. Williams, brought this action to recover upon a credit life and disability insurance policy issued by defendant. The record discloses that on 6 October 1989, the decedent, Doris H. Williams, entered into a conditional sales contract with Gene McNeil Autoworld, Inc., for the purchase of a 1987 Buick Skylark. Concurrent with this purchase, decedent made an application to defendant, Sturdivant Life Insurance Company, for a credit life, accident and health insurance policy. In her policy application, dated 6 October 1989, decedent signed a statement that she had not, within the preceding twelve months, been consulted or treated for certain enumerated health conditions. The policy application was accepted by defendant with coverage effective from the date of purchase.

On 1 August 1989, prior to her purchase of the automobile, decedent sought treatment from Dr. Paul H. Gulley, her family physician, for a persistent cough which had begun about a month earlier. Initially, Dr. Gulley thought decedent's cough might be due to allergies, but when it did not resolve he ordered a chest x-ray. In early September, Dr. Gulley referred decedent to Dr. James C. Martin, who diagnosed her as suffering from rhinosinusitis with post nasal drip and cough.

Decedent's cough did not improve and she again consulted with Dr. Gulley on 9 October 1989. On 18 October 1989, twelve days after she purchased the automobile and applied for the credit life and health insurance, decedent was seen by Dr. Villeponteaux, a pulmonary specialist. Dr. Villeponteaux diagnosed decedent with pulmonary fibrosis based on his physical examination and x-rays taken that day, as well as x-rays which had been taken one week and seven weeks prior thereto. He scheduled decedent for a lung biopsy on 30 October 1989, which decedent postponed.

Decedent's symptoms worsened and she was hospitalized 27 November 1989 and underwent a bronchoscopy on 28 November 1989 and a bone scan on 8 December 1989. Based on the results of these tests, Dr. David F. Jones and Dr. David D. Hurd diagnosed decedent with advanced stage large cell lung cancer and began treating her with chemotherapy.

On 28 November 1989, decedent filed a statement of accident or sickness with defendant in which she claimed that she had been unable to work since 1 November 1989. She requested defendant to make payments on her vehicle in accordance with the insurance policy. Dr. Gulley certified that she was disabled from 1 November 1989 due to pulmonary fibrosis which had begun in the summer of 1989, and for which he had first been consulted on 1 August 1989. After reviewing decedent's medical records, defendant cancelled decedent's policy due to her failure to disclose on her insurance application that she had consulted or been treated for conditions of the lungs. In addition, defendant advised decedent that her condition was a pre-existing condition for which coverage was excluded by the policy. Defendant fully refunded decedent's premium.

Decedent died of lung cancer in April 1990. The executor of her estate brought this suit alleging wrongful termination of the insurance policy. Defendant answered, alleging that it had the right to cancel the policy based on a material misrepresentation made in the policy application and the right to deny coverage under the pre-existing condition clause of the policy. From a judgment granting defendant's motion for summary judgment, plaintiff appealed. We affirm.

G.S. § 1A-1, Rule 56(c) provides that summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Pembee Mfg. Corp. v. Cape*

*Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 352 (1985); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

> In ruling on summary judgment, a court does not resolve questions of fact but determines whether there is a genuine issue of material fact. . . . Thus a defending party is entitled to summary judgment if he can show that claimant cannot prove the existence of an essential element of his claim [citation omitted], *or cannot surmount an affirmative defense which would bar the claim.* [Citation omitted.]

*Ward v. Durham Life Insurance Co.*, 325 N.C. 202, 209-10, 381 S.E.2d 698, 702 (1989), *citing Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981).

Defendant argues that decedent's application contained a material misrepresentation which entitles defendant to cancel the policy. If true, this would constitute an affirmative defense to plaintiff's claim. Thus, we must determine whether defendant has satisfied its burden of showing as a matter of law the existence of this affirmative defense and, if so, whether plaintiff has forecast evidence which, if believed by a jury, would overcome it.

On the Insurance Application and Authorization form, decedent signed the following statement:

> To the best of my knowledge and belief, I have not been consulted or treated during the last twelve months for: aids related complex, acquired immunodeficiency syndrome, cancer, diabetes or conditions of the heart, circulatory system, high blood pressure, lungs, brain, liver, kidneys or back.

Defendant contends that since decedent was being treated for pulmonary fibrosis, a condition of the lungs, her signature on this statement constituted a misrepresentation.

In North Carolina, statements made in an application of insurance are deemed to be representations rather than warranties. G.S. § 58-3-10 states:

> All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy.

Thus, false statements will avoid a policy if fraudulently made, irrespective of materiality; however, absent fraud, the falsity of an applicant's answer must be material to the risk in order to warrant avoidance of the policy on that ground. See 43 Am Jur 2d, Insurance, §§ 1035, 1036 and 1055. There is no evidence in this case that decedent fraudulently signed the statement. Since fraud is not claimed, the two-part question before us is whether defendant has proved that decedent made a material and false representation on her application. A life insurance contract may be avoided by showing that the insured made representations which were material and false. *Hardy v. Integon Life Ins. Corp.*, 85 N.C. App. 575, 355 S.E.2d 241, *disc. review denied*, 320 N.C. 631, 360 S.E.2d 85 (1987).

The first part of the question is whether decedent's representation that she had not been consulted or treated for a condition of the lungs at the time she signed the application was material. Our Supreme Court has held that a representation in an application for an insurance policy is material "if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium." *Goodwin v. Investors Life Insurance, North America*, 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992), *quoting Tolbert v. Insurance Co.*, 236 N.C. 416, 418-19, 72 S.E.2d 915, 917 (1952). (Emphasis omitted). While materiality is generally a question of fact for the jury, *Michael v. St. Paul Fire & Marine Ins. Co.*, 65 N.C. App. 50, 308 S.E.2d 727 (1983), it is clearly the law in North Carolina that, in an application for a life insurance policy, written questions and answers relating to health are deemed material as a matter of law. *Rhinehardt v. Insurance Co.*, 254 N.C. 671, 119 S.E.2d 614 (1961); *Jones v. Insurance Co.*, 254 N.C. 407, 119 S.E.2d 215 (1961); *Thomas-Yelverton Co. v. Insurance Co.*, 238 N.C. 278, 77 S.E.2d 692 (1953); *Tolbert v. Insurance Co., supra; Assurance Society v. Ashby*, 215 N.C. 280, 1 S.E.2d 830 (1939); *Inman v. Woodmen of the World*, 211 N.C. 179, 189 S.E 496 (1937); *Gardner v. Insurance Co.*, 163 N.C. 367, 79 S.E. 806 (1913); *In Re Appeal By McCrary*, 112 N.C. App. 161, 435 S.E.2d 359 (1993). Therefore, decedent's representation that she had not been treated or consulted in the last twelve months for a condition of the lungs is unquestionably material in this case.

The second part of the question is whether the statement was false. Plaintiff admits that pulmonary fibrosis is a condition of the lungs; the issue is whether decedent had been consulted or treated for pulmonary fibrosis in the twelve months prior to 6 October 1989,

the date upon which she signed the insurance application. Decedent was treated by several doctors over a period in excess of two months prior to the date of the application for symptoms including a persistent cough, discomfort in breathing, and occasional wheezing and asthmatic symptoms. Dr. Gulley, decedent's primary physician, stated in his affidavit that he treated her from August 1, 1989 until November 7, 1989 "for a continuing problem which she was then having with a chronic cough" and that his "diagnosis of [decedent's] disease was pulmonary fibrosis which is a condition of the lung." Decedent also consulted Dr. Villeponteaux, a pulmonary specialist. Although decedent's first appointment with Dr. Villeponteaux was twelve days after the date of the application, his report indicates that decedent first developed the cough in June, 1989 and that chest x-rays taken five weeks prior to the date of the application revealed "extensive fibrosis involving both lungs."

Plaintiff argues, however, that decedent was unaware of the diagnosis of pulmonary fibrosis at the time she made the representation. Considered in the light most favorable to plaintiff, the evidence suggests that decedent may have been first advised of the formal diagnosis of pulmonary fibrosis after she had made the application for insurance. However, decedent's knowledge of the condition is not required under the law. In this jurisdiction it is well settled that a misrepresentation of a material fact, or the suppression thereof, in an application for insurance, will avoid the policy "even though the assured be innocent of fraud or an intention to deceive or to wrongfully induce the assurer to act, or whether the statement be made in ignorance or good faith, or unintentionally." *Thomas-Yelverton Co. v. Insurance Co.*, 238 N.C. at 282, 77 S.E.2d at 695. (Citations omitted.)

Plaintiff produced no evidence to contradict the showing by defendant that decedent had been medically treated for a condition of the lungs within twelve months prior to her application for insurance. Thus, there is no genuine issue of fact as to either the falsity or materiality of decedent's statement to the contrary on the policy application and defendant was entitled, as a matter of law, to judgment in its favor. Having concluded that defendant was entitled to cancel the policy, we need not decide whether decedent's disability was due to a pre-existing condition excluded from coverage under the terms of the policy.

Affirmed.

Judges EAGLES and McCRODDEN.