METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, PLAINTIFF v. BILLY DEAN DILLARD, DEFENDANT

No. COA96-982

(Filed 15 July 1997)

1. **Insurance § 157 (NCI4th); Reformation of Instruments § 29 (NCI4th)— homeowner's policy—incorrect street address—mutual mistake—reformation of policy**

   Defendant insured presented clear, cogent and convincing evidence that a mistake as to the address of the insured residence in a homeowner's policy was mutual as to both parties so that

METROPOLITAN PROPERTY AND CAS. INS. CO. v. DILLARD

[126 N.C. App. 795 (1997)]

defendant was entitled to reformation of the policy to reflect the correct address where the evidence included a statement by the insurance agent who assisted defendant in filling out the policy application that she believed defendant intended to insure property which belonged to him, and the policy itself, which contained a detailed description of the insured's residence despite the incorrect street number.

**Am Jur 2d, Insurance § 360.**

**Reformation of property insurance policy to correctly identify the person or interest insured. 25 ALR3d 580.**

**Reformation of insurance policy to correctly identify risks and causes of loss. 32 ALR3d 661.**

2. **Insurance § 831 (NCI4th)— homeowner's policy—misrepresentation as to prior cancellation—materiality as jury question**

Summary judgment was inappropriate on the issue of whether defendant insured made a material misrepresentation when he stated during the application process for a homeowner's policy that he had never had a policy canceled or not renewed when in fact defendant had had a previous homeowner's policy terminated for nonpayment of premiums after he had made the last mortgage payment on the property since a question of fact exists as to whether defendant's nonpayment of a previous insurance policy resulting in the lapse of the policy would increase the risk that the home would be destroyed and would thus be material to the insurer.

**Am Jur 2d, Insurance §§ 1011-1020.**

Appeal by defendant from order entered 7 March 1996 by Judge William H. Helms in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 April 1997.

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by James F. Wood, III, for plaintiff-appellee.*

*Ledford & Murray, P.C., by Joseph L. Ledford, for defendant-appellant.*

METROPOLITAN PROPERTY AND CAS. INS. CO. v. DILLARD

[126 N.C. App. 795 (1997)]

McGEE, Judge.

On 20 March 1995, plaintiff Metropolitan Property and Casualty Insurance Company filed a complaint seeking a declaratory judgment to determine its liability to defendant Billy Dean Dillard arising from an application for homeowners insurance submitted to plaintiff by defendant on 6 January 1995. After initially purchasing automobile insurance from plaintiff on 6 January 1995, defendant inquired as to the possibility of insuring two residences, one of which is a secondary non-seasonable residence which defendant has owned since 1974. The insurance agent assisting defendant in filling out the policy application to insure this residence asked him for information about the property. When the agent asked defendant for the address of this residence, defendant stated "4321 Sudbury Road"; this was incorrect as defendant did not own a residence at this address, but instead owned a residence at "4220 Sudbury Road." The description of the residence as having been built in 1967, being 1600 square feet in size, brick veneer, with a fourteen-foot deck was correct, as was the mortgagee listed on the application (United Carolina Bank of Whiteville, North Carolina). Defendant stated in his deposition that after he gave the insurance agent the street address of the Sudbury Road property he told the agent that, "This could be incorrect." The insurance agent stated in her deposition that she did not recall defendant saying this and had he expressed uncertainty about the address she would have told him, "We need the street address."

During the course of completing the application, defendant, when asked, told the insurance agent he had not had any insurance which was declined, canceled or non-renewed during the past three years. Investigation by plaintiff revealed that a policy with The Great American Insurance Company had been canceled on 2 October 1994 for non-payment of premiums. Defendant paid for the insurance as part of his monthly mortgage payment and did not continue to pay insurance premiums after making his last mortgage payment. In her deposition the insurance agent stated plaintiff would not issue coverage if the insurance applicant previously had insurance canceled or non-renewed.

The insurance policy issued by plaintiff states the effective date of the policy is 6 January 1995. During the evening of 6 January 1995, a fire occurred at the 4220 Sudbury Road residence. On 7 January 1995 defendant arrived at the residence and noticed that the correct street number was 4220 instead of 4321. He then notified the insurance agency and a correction note was made on the application:

"Address should read 4220 Sudbury per Mr. Dillard 1-9-95." On 30 January 1995 plaintiff mailed a cancellation notice for both residences stating the reason for the cancellation was because of "adverse information found in [the defendant's] credit report in conjunction with [the 6 January 1995] fire loss."

The issues are: (1) whether a homeowner's insurance policy containing an incorrect street address provided by the homeowner in his application for insurance is unenforceable to insure the homeowner's actual residence as a matter of law; and (2) whether the homeowner's statement that he had never had an insurance policy canceled or not renewed constitutes a material misrepresentation.

I.

[1] Defendant argues the mistake as to the street number was mutual, and reformation of the insurance policy to include the correct address is necessary in order to give effect to the party's actual, original agreement to insure defendant's Sudbury Road residence. We agree. "Reformation is a well-established equitable remedy used to reframe written instruments where, through mutual mistake or the unilateral mistake of one party induced by the fraud of the other, the written instrument fails to embody the parties' actual, original agreement." *Dettor v. BHI Property Co.*, 91 N.C. App. 93, 95-96, 370 S.E.2d 435, 437 (1988), *rev'd on other grounds*, 324 N.C. 518, 379 S.E.2d 851 (1989). "A mutual mistake is one common to both parties to a contract . . . wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement." 17 C.J.S. *Contracts* § 144 (1963). Reformation is proper to give effect to the terms of the contract the parties originally agreed upon provided there is "clear, cogent and convincing" evidence of the parties' intentions to contract upon these terms. *Dettor*, 91 N.C. App. at 96, 370 S.E.2d at 437 (mutual mistake of fact where both parties to property transaction believed that conveyed tract of land was 12 acres instead of 17 acres entitled aggrieved party to reformation). "[N]egligence on the part of one party [which induces the mistake] does not preclude a finding of mutual mistake." *Moreland v. State Farm Fire and Casualty Co.*, 662 S.W.2d 556, 563 (Mo. App. 1983) (allowing reformation for insurance contract for fire damage despite incorrect land description supplied by insured). In other words, the fact that the mistake arises because the party who is seeking the reformation supplied the incorrect information does not make the mistake unilateral. *Id.*

In this case defendant has presented "clear, cogent and convincing evidence" that the mistake as to the address of the insured residence was mutual as both parties believed they were contracting to insure a house owned by defendant and defendant did not own the 4321 Sudbury Road residence. This evidence included both a statement by the insurance agent that she believed defendant intended to insure property which belonged to him, and the policy itself, which contained a detailed description of the 4220 Sudbury Road property, despite the incorrect street number. As no material fact remains as to the parties' intentions, defendant is entitled to reformation as a matter of law. *Dettor*, 91 N.C. App. at 95, 370 S.E.2d at 437.

## II.

[2] We next address whether plaintiff is entitled to summary judgment on the grounds that defendant made a material misrepresentation when he told the insurance agent he had never had an insurance policy canceled or not renewed. In North Carolina, "statements or descriptions in any application for a policy of insurance" will not "prevent a recovery on the policy" unless they are "material or fraudulent." N.C. Gen. Stat. § 58-3-10 (1994). Absent fraud,

> a misrepresentation of a *material* fact, or the suppression thereof, in an application for insurance, will avoid the policy "even though the assured be innocent of fraud or an intention to deceive or to wrongfully induce the assurer to act, or whether the statement be made in ignorance or good faith, or unintentionally."

*Tharrington v. Sturdivant Life Ins. Co.*, 115 N.C. App. 123, 128, 443 S.E.2d 797, 801 (1994) (quoting *Thomas-Yelverton Co. v. Insurance Co.*, 238 N.C. 278, 282, 77 S.E.2d 692, 695 (1953); N.C. Gen. Stat. § 58-3-10 (1994) (emphasis added). "[A] representation in an application for an insurance policy is material 'if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium,' " and is generally a question of fact for a jury. *Tharrington*, 115 N.C. App. at 127, 443 S.E.2d at 800 (quoting *Goodwin v. Investors Life Insurance, North America*, 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992)); 45 C.J.S. *Insurance* § 780 (1993). The insurance company has the burden of proving misrepresentation which is an affirmative defense to the enforcement of an insurance contract. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369, 329 S.E.2d 333, 338 (1985).

In this case, defendant told the insurance agent he had not had any insurance policy declined, canceled or non-renewed in the previous three years when in fact a previous homeowner's policy had been terminated for non-payment when defendant made the last mortgage payment on the property. The only evidence plaintiff introduced to show this was a *material* misrepresentation is the statement by the insurance agent that plaintiff would not issue coverage if the insurance applicant had previously had insurance canceled or non-renewed. As this evidence was in the form of an opinion of a witness, it falls within the province of a jury to determine its credibility. N.C.R. Evid. 104 (e) (1991). Moreover, a question of fact exists as to whether defendant's non-payment of a previous insurance policy resulting in the lapse of the policy would increase the risk that the property would be destroyed and would, thus, be material to the insurer. *See Tharrington,* 115 N.C. App. at 127, 443 S.E.2d at 800 (defining "material" misrepresentation) (citations omitted). Thus, we hold that material issues of fact exist as to whether defendant's statement constituted a material misrepresentation and summary judgment on this issue was improper.

Reversed and remanded.

Judges COZORT and MARTIN, John C. concur.