CRAWFORD v. COMMERCIAL UNION MIDWEST INS. CO.

[147 N.C. App. 455 (2001)]

BARRETT L. CRAWFORD, Trustee in the bankruptcy of Jeter Edward Greene and
JETER EDWARD GREENE, Plaintiffs v. COMMERCIAL UNION MIDWEST
INSURANCE COMPANY, GERALD BENFIELD, and BENFIELD INSURANCE
ENTERPRISES, Defendants

No. COA00-1334

(Filed 4 December 2001)

### 1. Insurance— fire—application—information—not willful

Summary judgment was erroneously granted for the insur-
ance company (defendant) in an action arising from the de-
struction of a house in a fire where defendant contended that it
should be permitted to void the policy because the submitted
application omitted deeds of trust on the property but there was
no evidence that plaintiff knowingly or willfully made any mis-
representations. N.C.G.S. § 58-44-15, the controlling statute for a
fire/homeowners policy, provides that the policy shall be void if
the insured willfully concealed or misrepresented any material
fact or circumstance.

### 2. Insurance— fire—application—omitted deeds of trust—materiality

Summary judgment for defendant-insurance company was
not proper where defendant sought to void a homeowners/fire
insurance policy because deeds of trust were omitted from the
application, but there were material issues of fact about whether
knowledge of the deeds of trust would have influenced defend-
ant's judgment in providing the insurance or in fixing the pre-
mium. Cases relied upon by defendant which held that encum-
brances are material as a matter of law date from the early 1900's
and were in the context of a statutory requirement which no
longer exists.

### 3. Appeal and Error— preservation of issues—assignments of error—no argument or authority—abandoned

Assignments of error for which there was no argument or
authority were deemed abandoned.

Judge CAMPBELL dissenting.

Appeal by plaintiffs from orders filed 22 March 2000 and 24 May
2000 by Judge Jerry Cash Martin in Burke County Superior Court.
Heard in the Court of Appeals 18 September 2001.

*Daniel Law Firm P.A., by Stephen T. Daniel and Warren T. Daniel, for plaintiff-appellants.*

*Young Moore and Henderson P.A., by Walter E. Brock, Jr. and Christopher A. Page, for defendant-appellee Commercial Union Midwest Insurance Company.*

GREENE, Judge.

Barrett L. Crawford, trustee in the bankruptcy of Jeter Edward Greene (Greene), and Greene (collectively Plaintiffs) appeal a 22 March 2000 order granting summary judgment in favor of Commercial Union Midwest Insurance Company (Defendant) and a 24 May 2000 order denying Plaintiffs' motion to reconsider summary judgment.

In January 1995, Greene approached several insurance companies and requested quotes on homeowners insurance. On 17 January 1995, Greene obtained a favorable quote for insurance on his house from Benfield Insurance Enterprises (Benfield Insurance). Gerald Benfield (Benfield), an agent for Benfield Insurance, filled out the insurance application for Greene: Benfield would ask questions and then fill in Greene's answers on the application. The section on the application designated "additional interest," inquiring as to possible mortgagees with an interest in the property to be insured, was left blank, even though there were three deeds of trusts on Greene's property.[1] Greene, who does not read well, briefly looked over the application and signed it. Benfield Insurance then submitted the application to Defendant who issued a homeowners policy to Greene. However, when signing the application, Greene was aware of a deed of trust made out to the person who had sold him the property. There was also a second deed of trust in the name of Greene's sister. No money has ever changed hands in respect to the second deed, and it appears the deed was a scam to protect Greene's assets. A third deed of trust was made out to someone who had installed a pool on Greene's property, but Greene, who was unaware such a deed of trust existed, claims it to be a forgery.

On 31 January 1995, Greene's house was destroyed by a fire that started when a kerosene heater presumably ignited curtains in its vicinity. Greene duly gave notice of his loss and submitted proof of

---

1. Benfield claims to have specifically asked Greene if there were any mortgages on the property to be insured and that Greene responded "No." Greene, however, asserts he did disclose the first of the three deeds of trust.

CRAWFORD v. COMMERCIAL UNION MIDWEST INS. CO.

[147 N.C. App. 455 (2001)]

loss statements to Defendant. While his claim was being investigated, Greene received roughly $3,000.00 in living expenses from Defendant. On 24 April 1995, however, Defendant denied Greene's claim in its entirety on the grounds that Greene had made material misrepresentations in his insurance application and proof of loss statements.

On 29 January 1998, Plaintiffs filed a complaint against Benfield, Benfield Insurance, and Defendant. On 17 March 1998, Plaintiffs filed an amended complaint asserting claims for breach of contract and bad faith against Defendant and for negligence against Benfield as the agent of Benfield Insurance and Defendant. Defendant filed a motion for summary judgment on 4 November 1999 on the basis that material misrepresentations made by Greene on his insurance application voided the homeowners policy. The trial court granted the motion on 22 March 2000. On 3 April 2000, Plaintiffs filed a motion to reconsider summary judgment, which the trial court denied in an order filed 24 May 2000, thereby dismissing all of Plaintiffs' claims against Defendant. Plaintiffs gave their notice of appeal on 5 June 2000.[2]

The issues are whether: (I) an insurance company can void a homeowners insurance policy solely on the grounds the insured made material and false representations on the policy application; and (II) an insured's failure to disclose on a homeowners insurance application the existence of encumbrances on the property to be insured is a material misrepresentation, as a matter of law.

I

[1] Defendant argues it is permitted to void a homeowners insurance policy upon a showing the applicant for that policy provided false and material representations in the policy application. Plaintiffs argue the insurance company can void the policy only if it can also show that the misrepresentations were willful and knowing. We agree with the Plaintiffs.

---

2. The summary judgment did not dispose of Plaintiffs' claims against Benfield and Benfield Insurance, thus presenting this Court with an interlocutory appeal. We are also faced with the issue of the timeliness of Plaintiffs' appeal. Without deciding whether the appeal affects a substantial right, as contended by Plaintiffs, or whether it was timely filed (and assuming it was not), we grant *certiorari* and address the merits of this appeal. *See* N.C.R. App. P. 21(a)(1) (right of appellate court to grant certiorari if appeal not timely or no right of appeal from an interlocutory order exists); *Coleman v. Interstate Cas. Ins. Co.*, 84 N.C. App. 268, 270, 352 S.E.2d 249, 251 (1987) (granting certiorari to an interlocutory appeal).

CRAWFORD v. COMMERCIAL UNION MIDWEST INS. CO.

[147 N.C. App. 455 (2001)]

The General Assembly has promulgated N.C. Gen. Stat. § 58-44-15 specifically regulating fire insurance policies.[3] Section 58-44-15 provides, in pertinent part, as follows: "Th[e] entire policy shall be void if, whether before or after a loss, the insured has wil[l]fully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof." N.C.G.S. § 58-44-15 (1999). Defendant argues this section does not apply to the application process, even if the application involves a request for fire/homeowners insurance. Instead, Defendant contends section 58-3-10 controls with respect to any material misrepresentations made in an application for fire/homeowners insurance. This statute contains no requirement the insurance company show the misrepresentation was willful. N.C.G.S. § 58-3-10 (1999); *see Inman v. Woodmen of the World*, 211 N.C. 179, 181, 189 S.E. 496, 497 (1937) (where life insurance policy declared void upon showing of material misrepresentation during application process and there was no requirement company show misrepresentation was fraudulent). Defendant further argues section 58-44-15 and section 58-3-10 must be read *in pari materia*. Read together, Defendant contends the "before . . . a loss" language in section 58-44-15 must be construed to include only that period of time *after* the application has been submitted and before any loss has been sustained within the meaning of the policy.

We acknowledge this Court has held a material misrepresentation in the application of a fire/homeowners policy is governed by section 58-3-10 and thus is void upon a showing the misrepresentation is material, regardless of whether the misrepresentation was willful or knowing. *Metropolitan Property and Cas. Ins. Co. v. Dillard*, 126 N.C. App. 795, 799, 487 S.E.2d 157, 159-60 (1997). In 1903, however, our Supreme Court applied section 58-176[4] (the predecessor statute

---

3. A homeowners policy provides, among other coverages, insurance against fire loss and thus section 58-44-15 is applicable to homeowners policies.

4. Section 58-176 provided in pertinent part:

This entire policy shall be void if the insured has concealed or misrepresented . . . any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in the case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

N.C.G.S. § 58-176 (1899). This statute, governing fire insurance policies, was amended in 1945 to add the requirement that a material misrepresentation or concealment be willful. 1945 N.C. Sess. Laws ch. 378, § 1. The pertinent provisions of section 58-176

to section 58-44-15) to a dispute involving an alleged misrepresentation in the procurement of a fire/homeowners insurance policy. *See Hayes v. United States Fire Ins. Co.*, 132 N.C. 702, 44 S.E. 404 (1903). Thus, *Hayes* necessarily construed "before . . . a loss" to include the application process. *See id.* Accordingly, we reject Defendant's contention that section 58-44-15 does not apply to the application process and that any material misrepresentations made in the application process must be governed by section 58-3-10.[5] In the context of a fire/homeowners policy, section 58-44-15 is the controlling statute and any misrepresentation or concealment made in the application process is governed by that statute, not section 55-3-10.

Because there was no evidence offered at the summary judgment hearing that Greene knowingly or willfully made any misrepresentations to Benfield Insurance about encumbrances on his property, summary judgment cannot be sustained for Defendant.

II

[2] In any event, summary judgment must be reversed because the evidence shows a genuine issue of fact on whether the failure to provide the requested information (listing of deeds of trust) was material.

Defendant contends our Supreme Court has held that encumbrances (including deeds of trust) are material as a matter of law and the failure to disclose this information on a homeowners insurance application necessarily voids that policy. The decisions relied upon by Defendant, holding the insurance policies void for failure to disclose encumbrances on the insured property, were written in the early 1900's and in the context of a statute which specifically required the applicant to disclose he had an unconditional interest in the property to be insured. *See Roper v. Nat. Fire Ins. Co.*, 161 N.C. 151, 154, 76 S.E. 869, 870 (1912); *Hayes*, 132 N.C. 702, 703, 44 S.E. 404, 404. The current statutes include no such specific mandate. *See* N.C.G.S. §§ 58-3-10, 58-44-15 (1999). Consequently, we reject the contention that *Roper* and *Hayes* stand for the continuing proposition that the

have not been modified since 1945, although the statute has been re-codified as section 58-44-15.

5. When there is a conflict in the opinions of this Court and opinions of our Supreme Court, we are bound by the Supreme Court opinion. *See Mahoney v. Ronnie's Rd. Serv.*, 122 N.C. App. 150, 153, 468 S.E.2d 279, 281 (1996), *aff'd per curiam*, 345 N.C. 631, 481 S.E.2d 85 (1997). Thus, we are not bound by *Metropolitan*, 126 N.C. App. 795, 487 S.E.2d 157.

failure to disclose encumbrances on property to be insured constitutes a material misrepresentation or omission.[6]

Instead, a "representation in an application for an insurance policy is material 'if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of the premium.'" *Metropolitan*, 126 N.C. App. at 799, 487 S.E.2d at 160 (quoting *Tharrington v. Sturdivant Life Ins. Co.*, 115 N.C. App. 123, 127, 443 S.E.2d 797, 800 (1994)). Generally, materiality presents a question of fact and is therefore reserved for the jury. *Id.* In this case, there are genuine issues of fact whether knowledge by Defendant about the deeds of trust on the insured property would have influenced Defendant's judgment in providing insurance or fixing the rate of the premium. Thus, summary judgment was not proper on this issue.

[3] Plaintiffs further assign error to the granting of summary judgment for Defendant on Plaintiffs' bad faith and unfair and deceptive trade practices claims. There is no argument or authority in Plaintiffs' brief to support this assignment of error and thus it is deemed abandoned. *See* N.C.R. App. P. 28(b)(5). Plaintiffs finally argue the trial court erred in denying several of their discovery requests. We have reviewed each of these arguments and see no abuse of discretion by the trial court. *See Wagoner v. Elkin City Sch.' Bd. of Educ.*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123 (applying abuse of discretion standard to trial court's denial of a party's motion to compel discovery), *disc. review denied*, 336 N.C. 615, 447 S.E.2d 414 (1994).

Reversed and remanded.

Judge THOMAS concurs.

Judge CAMPBELL dissents.

CAMPBELL, Judge dissenting.

I respectfully dissent from the majority opinion because Plaintiffs' notice of appeal from the trial court's 22 March 2000 order granting Defendant's motion for summary judgment was not timely

---

6. We also reject Defendant's argument that *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E.2d 333 (1985) supports their argument.

CRAWFORD v. COMMERCIAL UNION MIDWEST INS. CO.

[147 N.C. App. 455 (2001)]

filed, and, therefore, Defendant's motion to dismiss Plaintiffs' appeal should be granted. Further, I dissent from the majority's holding that N.C. Gen. Stat. § 58-3-10 does not apply to the application process for a fire/homeowners insurance policy. Finally, I dissent from the majority's determination that genuine issues of fact exist concerning the materiality of the misrepresentations made by Greene on his insurance application.

The record shows that the trial court entered summary judgment in favor of Defendant on 22 March 2000. On 3 April 2000, Plaintiffs filed their "Motion to Reconsider Summary Judgment." Rule 3 of the North Carolina Rules of Appellate Procedure requires that an appeal from a judgment or order in a civil action must be "taken within 30 days after its entry." N.C. R. App. P. 3(c) (2001). The running of this thirty-day period to file and serve notice of appeal is tolled by any one of the following timely motions: (1) a motion for judgment notwithstanding the verdict under N.C. R. Civ. P. 50(b), (2) a motion under N.C. R. Civ. P. 52(b) to amend or make additional findings of fact, (3) a motion under N.C. R. Civ. P. 59 (Rule 59) to alter or amend a judgment, or (4) a motion under Rule 59 for a new trial. N.C. R. App. P. 3(c)(1)-(4).

In this case Plaintiffs' "Motion to Reconsider Summary Judgment" does not properly recite the rule number under which it is being sought. However, in denying Defendant's 21 August 2000 motion to dismiss Plaintiffs' appeal, the trial court found that Plaintiffs' motion to reconsider was a proper motion under Rule 59 and, therefore, tolled the running of the time allotted for filing notice of appeal.[7]

To qualify as a Rule 59(e) motion within the meaning of Rule 3, the motion must be based on one of the grounds listed in Rule 59(a). *Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417 (1997). Having reviewed Plaintiffs' motion to reconsider, I find no allegations in the motion to support any of the grounds listed in Rule 59(a). It appears that Plaintiffs' motion is merely a request that the trial court reconsider its earlier decision granting summary judgment in favor of Defendant. However, a motion which simply reargues matters that have already been argued or puts forth arguments which were not

---

7. Since Plaintiffs were not seeking a new trial, this determination by the trial court was necessarily a determination that Plaintiffs' motion to reconsider was a proper motion to alter or amend the judgment under Rule 59(e).

made but could have been made cannot be treated as a proper Rule 59(e) motion. *Id.*

Because Plaintiffs' motion to reconsider is not a proper Rule 59 motion, the time to file an appeal from the 22 March 2000 order was not tolled. Therefore, Plaintiffs' 5 June 2000 notice of appeal from the order was not timely and must be dismissed.[8]

However, the majority has chosen to address the merits of Plaintiffs' appeal, and, in so doing, the majority holds that N.C.G.S. § 58-3-10 does not apply to applications for fire/homeowners insurance policies. I disagree with the majority's conclusion on this issue.

N.C.G.S. § 58-3-10 states:

> All statements or descriptions in *any* application for a policy of insurance . . . shall be deemed representations and not warranties, and a representation, unless material fraudulent, will not prevent a recovery on the policy.

N.C. Gen. Stat. § 58-3-10 (1999) (emphasis added). By its terms, N.C.G.S. § 58-3-10 applies to all applications for insurance, and is not precluded from applying in the context of an application for a fire/homeowners policy. However, the majority construes our Supreme Court's decision in *Hayes v. Ins. Co.*, 132 N.C. 702, 44 S.E. 404 (1903) as standing for the proposition that N.C. Gen. Stat. § 58-44-15 (which states that any misrepresentation or concealment of material fact must be willful in order to void a fire insurance policy) applies to an application for fire/homeowners insurance, thereby precluding application of N.C.G.S. § 58-3-10. I disagree.

Rather, I believe that this issue has never been squarely addressed by the Supreme Court and that this Court's decision in *Metropolitan Property and Cas. Ins. Co. v. Dillard*, 126 N.C. App. 795, 799, 487 S.E.2d 157, 159-60 (1997) (holding that a material misrepresentation in the application for a fire/homeowners insurance policy is governed by N.C.G.S. § 58-3-10 and thus is void upon a showing that the misrepresentation is material, without a showing that the

---

8. Further, although Plaintiffs have timely appealed from the denial of their "Motion to Reconsider Summary Judgment," having determined that it does not qualify as a Rule 59(e) motion, and because there are no other provisions for motions for reconsideration in our Rules of Civil Procedure, the motion to reconsider was properly denied. In addition, Plaintiffs did not properly assign error to the trial court's denial of their motion to reconsider. *See* N.C. R. App. P. 10(c).

misrepresentation was willful) is the law in North Carolina. Likewise, I agree with Defendant's argument that, when construed in *pari materia* with N.C.G.S. 58-3-10, the proper interpretation of the phrase "before . . . a loss" in N.C.G.S. § 58-44-15 is that N.C.G.S. § 58-44-15 applies to misrepresentations that are made after the insurance policy has actually been issued, while N.C.G.S. § 58-3-10 applies to misrepresentations that are made in the insurance application itself.

Further, I disagree with the majority's conclusion that there are genuine issues of material fact as to the materiality of Greene's misrepresentations concerning the number of mortgages on the property. Therefore, I respectfully dissent and would affirm the trial court's entry of summary judgment.