SUAREZ v. FOOD LION, INC.

[100 N.C. App. 700 (1990)]

————————

STEPHANIE G. SUAREZ v. FOOD LION, INC.

No. 9019SC166

(Filed 4 December 1990)

1. **Master and Servant § 9 (NCI3d)— group life insurance plan — beneficiary**

Summary judgment was properly granted for defendant in an ERISA action in which plaintiff alleged that defendant had breached its fiduciary duty when its employee erroneously assured plaintiff that she was the properly designated beneficiary under her husband's group life insurance plan. Under 29 U.S.C.A. 1132(a)(2) (1985), the fiduciary is liable only to the plan and not to an individual.

**Am Jur 2d, Insurance §§ 1848, 1849.**

SUAREZ v. FOOD LION, INC.

[100 N.C. App. 700 (1990)]

2. **Reformation of Instruments § 3 (NCI3d)— group life insurance plan—beneficiary form—plaintiff not party to document**

Summary judgment was properly granted in part for defendant in an action in which plaintiff alleged that defendant had erroneously informed her that she was the beneficiary of her husband's group life policy and that she could have changed the beneficiary form through the doctrine of reformation had she been aware of the error. In order to ask for reformation of a document, the party requesting such reformation must be a party to the document.

**Am Jur 2d, Insurance §§ 1848, 1849.**

Judge DUNCAN concurred prior to 29 November 1990.

APPEAL by plaintiff from judgment entered 1 November 1989 by *Judge Russell G. Walker* in RANDOLPH County Superior Court. Heard in the Court of Appeals 19 September 1990.

On 18 May 1988, plaintiff filed this action alleging negligence and breach of contract. Defendant answered and moved to dismiss the state law claims on the ground that they are preempted by the Employee Retirement Income Security Act (ERISA). Defendant stipulated that it would not raise as a defense the issue of standing under ERISA, if plaintiff filed its claim exclusively under ERISA. On 18 January 1989, the trial court granted defendant's motion.

On 16 February 1989, plaintiff filed an amended complaint alleging that defendant violated its fiduciary duty to plaintiff under ERISA and 29 U.S.C. § 1104 and that this breach was the proximate cause of plaintiff's injuries.

On 13 October 1989, defendant moved for summary judgment under Rule 56 of the N.C. Rules of Civil Procedure. The trial court granted the motion on 1 November 1989 after considering the pleadings, affidavits, evidence of record, briefs and arguments of counsel.

Plaintiff appeals from this judgment.

*Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, by Jonathan R. Harkavy, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Timothy G. Barber and Steven O. Todd, for defendant-appellee.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in granting summary judgment to defendant. For the reasons below, we hold that the trial court did not err.

Under N.C. Gen. Stat. § 1A-1, Rule 56(c) (1983), a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." This remedy permits the trial court to decide whether a genuine issue of material fact exists; it does not allow the court to decide an issue of fact. *Sauls v. Charlotte Liberty Mut. Ins. Co.*, 62 N.C. App. 533, 535, 303 S.E.2d 358, 360 (1983) (citations omitted).

In a summary judgment proceeding, the trial court must view all evidence presented in the light most favorable to the nonmoving party and determine if there is a triable material issue of fact. *Land-of-Sky Regional Council v. Co. of Henderson*, 78 N.C. App. 85, 336 S.E.2d 653 (1985), *disc. review denied*, 316 N.C. 553, 344 S.E.2d 7 (1986); *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E.2d 79 (1985), *disc. review denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). A defendant is entitled to summary judgment if he establishes that no claim for relief exists or that the plaintiff cannot overcome an affirmative defense. *Rolling Fashion Mart, Inc. v. Mainor*, 80 N.C. App. 213, 341 S.E.2d 61 (1986).

With these general principles in mind, we turn to the facts in the case before us. The evidence, in the light most favorable to plaintiff, establishes the following.

Plaintiff's deceased husband, Fernando Suarez, was in defendant's employ from 1982 until the time of his death on 17 June 1986. As defendant's employee, Suarez received group life insurance. On 8 March 1982, Suarez submitted his life insurance application to defendant's insurance carrier and designated his mother as beneficiary of the policy.

In August 1985, Suarez and plaintiff married. Suarez wanted to change the beneficiary of his life insurance from his mother to plaintiff and obtained a change of beneficiary form from defendant in August 1985. The instructions for making such change were included in an employee benefit booklet. Plaintiff acknowledged

that she and Suarez kept the booklet with their valuable papers but had never read it. The bottom of the change of beneficiary form contained a line for the signature of the *insured* to effect a change of beneficiary. Plaintiff signed the form instead of Suarez.

In March 1986, Suarez was admitted to a hospital and diagnosed as having a brain tumor. Two days later, he lapsed into a coma and died on 17 June 1986. Plaintiff contacted defendant after her husband lapsed into the coma and was assured by one of defendant's employees that she was the properly designated beneficiary of her husband's life insurance benefits.

Immediately following Suarez's death, both plaintiff and Suarez's mother filed claims for the insurance proceeds. The insurance carrier, Provident Life and Accident Insurance Company (hereinafter Provident), deposited the proceeds with the United States District Court for the Middle District of North Carolina and filed an action as an interpleader under Rule 22 of the Federal Rules of Civil Procedure. The U.S. District Court found the change of beneficiary form to be ineffective because Suarez did not sign it, and held that Suarez's mother was entitled to receive the proceeds. Plaintiff appealed, and the Fourth Circuit affirmed the lower court's decision.

Plaintiff then filed this action in state court seeking damages from defendant for negligence. The trial court dismissed the original complaint on the grounds that it was preempted by ERISA, and granted plaintiff leave to amend. Plaintiff filed an amended complaint against defendant under ERISA for breach of fiduciary duty.

Plaintiff claims that defendant breached its fiduciary duty when its employee assured her (erroneously) that she was the properly designated beneficiary under Suarez's group life insurance plan. Plaintiff further argues that had she been properly advised by defendant, she could have reformed the beneficiary designation. We find no merit to plaintiff's arguments and therefore affirm summary judgment.

## ERISA Claim

[1] Under 29 U.S.C.A. § 1132(a)(2) (1985), a participant or beneficiary may bring a civil claim against an employer for breach of fiduciary duty under § 1109. Section 1109 states:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties

imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, . . . .

29 U.S.C.A. § 1109 (1985).

The United States Supreme Court construed the above statute to apply when a fiduciary breaches its duties imposed by ERISA. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 87 L.Ed.2d 96, 105 S.Ct. 3085 (1985). Under the statute, the fiduciary is liable only to the plan and not to an individual. *Id.* The Supreme Court held that a plan participant or beneficiary does not have a claim against a fiduciary for extracontractual compensatory or punitive damages resulting from improper or untimely processing of ERISA benefit claims, because recovery applies to the benefit of the plan as a whole and not to an individual beneficiary. *Id.* The Court reasoned:

> But when the entire section [1109] is examined, the emphasis on the relationship between the fiduciary and the plan as an entity becomes apparent. Thus, not only is the relevant fiduciary relationship characterized at the outset as one 'with respect to a plan,' but the potential personal liability of the fiduciary is 'to make good *to such plan* any losses *to the plan* . . . and to restore *to such plan* any profits of such fiduciary which have been made through use of assets *of the plan* . . . .' [Footnote omitted.]

*Id.* at 140, 87 L.Ed.2d at 102, 105 S.Ct. at 3089 (emphases added).

The Supreme Court further explained that while the "fiduciary obligations of plan administrators are to serve the interest of participants and beneficiaries . . .[,] the principal statutory duties imposed on the trustees relate to the proper management, administration, and investment of fund assets, the maintenance of proper records, . . . and [other duties to the fund]." *Id.* at 142-43, 87 L.Ed.2d at 104, 105 S.Ct. at 3090.

Plaintiff argues that *Massachusetts Mut. Life Ins. Co.* does not apply because defendant stipulated that plaintiff had standing to bring the action before us. We have reviewed the record before us and find that defendant stipulated only that it would "not raise as a defense the issue of standing . . . [in an ERISA claim]." Defend-

**SUAREZ v. FOOD LION, INC.**

[100 N.C. App. 700 (1990)]

ant did not stipulate that any such claim filed by plaintiff would be recognized legally under ERISA.

Moreover, we have reviewed the cases plaintiff cited and find them inapplicable to the case at bar. The present case is one for breach of fiduciary duty under ERISA. Plaintiff relies heavily on *O'Grady v. Firestone Tire & Rubber Co.*, 635 F.Supp. 81 (S.D. Ohio 1986). *O'Grady* discusses the preemption of an equitable estoppel claim by ERISA and held that under ERISA a plaintiff may bring an action for arbitrary and capricious administration of a plan under the same facts which would support a common claim of equitable estoppel. There is nothing in *O'Grady* which speaks to breach of fiduciary duty under ERISA.

For the above reasons, we hold that the United States Supreme Court's decision in *Massachusetts Mut. Life Ins. Co.* precludes plaintiff from bringing an action against defendant for breach of fiduciary duty under ERISA and the facts of the case before us.

*Reformation of the Beneficiary Form*

[2] Plaintiff further argues that had she been aware of the error on the change of beneficiary form, she could have changed the form through the doctrine of reformation. We disagree.

Under the doctrine of reformation, such equitable remedy is available:

> [W]hen, because of the mutual mistake of the parties, the agreement expressed in a written instrument differs from the actual agreement made by the parties. [Citation] The mistake of only one party to the instrument, if such mistake was not induced by the fraud of the other party, affords no ground for relief by reformation. [Citation] The party asking for relief, by reformation of a written instrument, must prove, first, that a material stipulation was agreed upon by the parties to be incorporated in the instrument as written; and, second, that such stipulation was omitted from the instrument by mistake, either of both parties, or of one party, induced by the fraud of the other, or by mistake of the draftsman. [Citation] Equity will give relief by reformation only when a mistake has been made, and the written instrument, because of the mistake, does not express the true intent of both parties. [Citation] '[R]eformation on grounds of mutual mistake is available only where the evidence is clear, cogent and convincing.' [Citation]

*Light v. Equitable Life Assurance Society*, 56 N.C. App. 26, 32-33, 286 S.E.2d 868, 872 (1982).

In the case *sub judice*, any change in the beneficiary was the sole responsibility of the insured, Suarez. Plaintiff acknowledged that Suarez could have taken no action to change the beneficiary form himself after he lapsed into a coma.

We fail to see how plaintiff could have reformed the document in question under the above principles of law. In order to ask for reformation of a document, the party requesting such reformation must be a party to the written document. *Id.* The only parties contemplated to effect a change in beneficiary are the group policyholder (defendant) and the insured. Under the group life insurance policy provided by defendant, in order to change a beneficiary, the *insured* must file a written request for such change and the *insured* must sign the written request. Under the circumstances in the present case, the intended beneficiary was not authorized to effect such change under the provisions of the policy or under the doctrine of reformation.

For the above reasons, we hold that plaintiff could not have reformed the beneficiary form on her own initiative prior to her husband's death. Therefore, we hold that the trial court did not err in granting summary judgment in defendant's favor.

Affirmed.

Judge GREENE concurs.

Judge DUNCAN concurred prior to 29 November 1990.