IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-222

Filed: 18 December 2018

Macon County, No. 15-CVS-316

BANK OF AMERICA, N.A., Plaintiff,

v.

GARY W. SCHMITT and MAY L. SCHMITT, Defendants.

Appeal by Plaintiff from judgment entered 22 June 2017 and order entered 12 September 2017 by Judge Robert C. Ervin in Macon County Superior Court. Heard in the Court of Appeals 19 September 2018.

*Brian M. Rowlson and Michael C. Griffin for the Plaintiff.*

*Sloan & VanHook, PLLC, by Stuart Sloan, for the Defendant.*

DILLON, Judge.

Plaintiff Bank of America, N.A. ("BANA"), appeals from the trial court's judgment entering a jury verdict construing the terms of a deed of trust encumbering property owned by Defendants Gary W. Schmitt and Mary L. Schmitt (together, "the Schmitts"), and from the trial court's subsequent order denying BANA's four post-trial motions. BANA argues that the trial court erred by allowing the jury to construe the deed of trust. After careful review, we vacate the trial court's judgment and remand in part, and find no error in part.

I. Background

The Schmitts own 35.47 acres of real property in Macon County (the "Property"). The Property is comprised of two contiguous tracts: Tract B (18.14 acres) and Tract C (17.33 acres). The Schmitt's primary residence is located on Tract B.

In 2001, the Schmitts obtained a construction loan to build their house on Tract B. In 2007, the Schmitts refinanced their loan from BANA, secured by a deed of trust. This deed of trust described the property to be encumbered by the physical address of Tract B, but further by the tax parcel identification number and full legal description for Tract C.

In 2008, the Schmitts refinanced the existing debt with a new loan from BANA secured by a new deed of trust (the "2008 Deed of Trust"). It is this 2008 Deed of Trust which is the subject-matter of this appeal.

The 2008 Deed of Trust described the property to be encumbered by the physical street address for Tract B, but further by the tax parcel identification numbers for both Tract B and Tract C, as well as by the legal description of Tract C alone.[1]

In 2015, BANA filed this action seeking a declaratory judgment and, alternatively, reformation against the Schmitts with respect to the 2008 Deed of Trust, alleging that it encumbered, or was intended to encumber, both Tract B and

---

[1] The Schmitts initially took title to Tracts B and C as tenants in common with James Derek Taylor. Thereafter, Taylor conveyed his one-half interest in Tracts B and C to the Schmitts by two separate deeds.

Tract C.  The Schmitts counterclaimed for reformation, contending that the parties *intended* for the 2008 Deed of Trust to encumber Tract B only, where their home is located.

The trial court referred the meaning of the terms of the 2008 Deed of Trust as well as the reformation claims to the jury.  The jury found that the terms of the 2008 Deed of Trust only encumbered Tract C and that neither party was entitled to reformation.  The trial court entered judgment based on the jury verdict, holding that the 2008 Deed of Trust encumbered only Tract C and dismissed the parties' respective reformation claims with prejudice.

BANA subsequently filed a motion for judgment notwithstanding the verdict, a motion for a new trial, a motion to amend judgment, and a motion to amend its complaint to conform to the evidence.  The trial court denied all post-trial motions.

BANA timely appealed from the trial court's judgment and from its subsequent order denying all post-trial motions.

## II. Analysis

We conclude that interpretation of the 2008 Deed of Trust was properly a question of law for the court, not the jury.  And, as a matter of law, we conclude that the description in the 2008 Deed of Trust is sufficient to encumber both Tract B and Tract C.  Whether either party was entitled to reformation of the 2008 Deed of Trust was properly a question of fact, and we find no error with respect to the jury's

determination that neither party was entitled to reformation. Accordingly, we vacate the judgment and remand with instructions to enter judgment declaring that the 2008 Deed of Trust encumbers both Tract B and Tract C.

## A. Construction of the Deed

BANA contends that the trial court erred in submitting the interpretation of the terms of the 2008 Deed of Trust to the jury. We agree. The interpretation of the deed language is a question of law for the court to resolve. And, for the reasons stated below, we conclude that the language in the Deed of Trust evinces an intent to encumber both Tract B and Tract C.

The construction of the terms of a deed, including the question of the property the deed is intended to cover, has historically been a question of law for the court, not for the jury.[2] *See Brown v. Hodges*, 232 N.C. 537, 541, 61 S.E.2d 603, 606 (1950). In 1968, our General Assembly enacted a statute instructing that "the effect of the instrument [shall be determined] on the basis of the intent of the parties as it appears from all of the provisions of the instrument." N.C. Gen. Stat. Ann. § 39-1.1 (2017). Our General Assembly also instructed that the determination shall be made by "the courts" as it has been done historically. *Id.* We have held that, by including the

---

[2] The Schmitts' contend in their brief that, where extrinsic evidence is used to resolve an ambiguity, "the question of the parties' intention becomes one of fact." *Runyon v. Paley*, 331 N.C. 293, 305, 416 S.E.2d 177, 186 (1992). We note, though, that in *Runyon*, our Supreme Court further explained in the very next sentence that "the determination of the parties' intention is not for the jury but is the responsibility of the judge in construing and interpreting the meaning of the instrument." *Id.*

phrase "the courts" in Section 39-1.1, the General Assembly did not intend to change "the traditional rule that it is the judge's role to determine the intent of the parties" in order to interpret the language in a deed. *Mason-Reel v. Simpson*, 100 N.C. App. 651, 654, 397 S.E.2d 755, 756 (1990).

In the present case, the location and/or boundaries of the land represented by Tracts B and C are not in dispute. Rather, the issue presented is whether the terms of the 2008 Deed of Trust encumbers Tract B, Tract C, or both. Accordingly, the trial court erred by charging the jury to interpret the description contained in the 2008 Deed of Trust.

Turning to the 2008 Deed of Trust, the instrument describes the property to be encumbered in three places. First, the 2008 Deed of Trust describes the property to be encumbered by referencing a description of Tract C only, as contained in a prior recorded deed. Second, the 2008 Deed of Trust describes the property to be encumbered by reference to the tax parcel identification numbers for both Tract B (0541877) and Tract C (0537896). Lastly, the 2008 Deed of Trust describes the property to be encumbered by reference to the address of Tract B only. Specifically, the 2008 Deed of Trust describes the encumbered property as follows:

> Borrower irrevocably grants and conveys to Trustee and Trustee's successors and assigns, in trust, with power of sale, the following described property located in the County of Macon
>
> [Legal description for Tract C]

> Parcel ID Number:  0541877 & 0537896
>
> which currently has the address of 322 Cheyenne Drive, Highlands, North Carolina[.]

Also within the four corners of the Deed of Trust is a statement that it is a "Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT" and a covenant that "Borrower shall occupy, establish, and use the Property as Borrower's principal residence[.]"  While the jury determined that the 2008 Deed of Trust only encumbers Tract C, which is a vacant lot, and not Tract B, containing the Schmitts' home, these provisions in the 2008 Deed of Trust evince an intent that their home also be subject to the lien.

We conclude that the provisions contained in the four corners of the 2008 Deed of Trust are sufficient to determine the parties' intent as a matter of law.  Based on the provisions, we conclude that the parties intended that the 2008 Deed of Trust encumber both Tract B and Tract C.  Referencing both tax parcel numbers is evidence that the intention was to encumber two different tracts.  And even though the legal description referenced is that of Tract C only, the reference to the address for Tract B and the provisions indicating that the collateral include the tract where the Schmitts lived is evidence of the intention that Tract B also be included.

In reaching our conclusion, we are persuaded by a 2011 unpublished decision from our Court interpreting a deed of trust with language almost identical to that

contained in the 2008 Deed of Trust. *GMAC Mortg., LLC, v. Miller*, 216 N.C. App. 416, 716 S.E.2d 876, 2011 WL 4920645 (2011). In the 2011 *Miller* case, the plaintiff sought a declaratory judgment to determine which property was encumbered by a deed of trust. *Id.* at *4. The defendant-borrower owned two adjacent parcels, Tract I and Tract II, with his home located on Tract I. The deed of trust in question described the property to be encumbered *both* by reference to a description of Tract II as contained in a prior recorded document *and* separately by reference to the tax parcel number for Tract I, where the home was located. *Id.* at *3. Like the 2008 Deed of Trust, the deed of trust stated that it was a "single family Fannie Mae/Freddie Mac uniform instrument" and contained a covenant that "Borrower shall occupy, establish, and use the Property as Borrower's principal residence[.]" *Id.* at *4-5. We held that the "trial court properly concluded that the parties intended for [the deed of trust] to encumber both Tract I and Tract II based upon the four corners of the document." *Id.* at *5. We noted that the two descriptions did not conflict with one another but rather "identify the entirety of Tract I and Tract II as the property encumbered by the [deed of trust]." *Id.* at *4. While *Miller* is not binding as an unpublished case, we adopt its reasoning here.

## B. Reformation

We now turn to the parties' respective claims for reformation.

BANA's claim that the 2008 Deed of Trust be reformed to include both Tract B and Tract C is moot, as we have determined that the language in the 2008 Deed of Trust already evinces an intent to encumber both Tract B and Tract C.

The Schmitts, however, also requested that the trial court reform the 2008 Deed of Trust, but to expressly include only Tract B, where their home is located. They now argue on appeal that the trial court erred by denying their counterclaim for reformation. We disagree.

A written instrument, though it may describe one property, may be reformed to reflect the true intent of the parties where a movant can show "(1) the existence of a mutual mistake of fact, and (2) a resultant failure of the document as executed to reflect the parties' intent." *Sudds v. Gillian,* 152 N.C. App. 659, 662, 568 S.E.2d 214, 217 (2002). A mutual mistake exists where each party was mistaken as to the meaning of a material fact or term such that the resulting written instrument does not embody the parties' actual agreement. *Metro. Prop. & Cas. Ins. Co. v. Dillard*, 126 N.C. App. 795, 798, 487 S.E.2d 157, 159 (1997). It is well-settled law in North Carolina that reformation of a written instrument due to mutual mistake of the parties requires clear, strong, and convincing evidence. *Textile Ins. Co. v. Lambeth*, 250 N.C. 1, 11, 108 S.E.2d 36, 42 (1959).

We note here that it was *the jury* who was charged to determine whether the Schmitts had proven their case for reformation and that the jury found that the

Schmitts did not meet their burden. We note further that the Schmitts make no argument as to whether their reformation was a matter for the jury or for the trial judge to decide, and neither party briefs this point. There is case law, however, which suggests that the reformation of a deed or deed of trust is equitable in nature and is a question for the court. *See Inland Harbor v. St. Joseph*, 366 N.C. 376, 376, 759 S.E.2d 80, 81 (2012) (describing the claim to reform a deed as one for "judicial reformation"); *Nationstar v. Dean*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, 2018 WL 4440344 (2018) (discussing a claim for "judicial reformation" based on mutual mistake).

In either case, we conclude as a matter of law that the Schmitts failed to prove by clear, strong, and convincing evidence that a *mutual* mistake was made to include a description of Tract C in the 2008 Deed of Trust. BANA had both tracts appraised in 2008 when underwriting the Schmitts' request to refinance their loan. BANA also drafted the 2008 Deed of Trust to include two separate parcel numbers, a strong indication that BANA understood the loan was to be secured by two separate tracts. The Schmitts offered no clear, strong, convincing evidence to show that BANA understood that Tract B was the only collateral securing the loan. A claim for reformation requires a showing that *both* parties understood the terms of the deed to encumber something different than what was actually referenced in the instrument. And to the extent that the issue of reformation was one for the jury, there certainly

was evidence from which the jury could find that the Schmitts failed to meet their burden.

### III. Conclusion

Interpretation of the terms of the 2008 Deed of Trust is a question for the court to decide. Therefore, we hold that the trial court erred in submitting the issue to the jury. We conclude that the language in the 2008 Deed of Trust is sufficient as a matter of law to evince an intent to encumber both Tract B and Tract C. We also conclude that the Schmitts failed to meet their burden to succeed on their claim to reform the 2008 Deed of Trust to encumber Tract B only.

We vacate the trial court's judgment with respect to BANA's declaratory judgment claim and remand for entry of judgment declaring that the 2008 Deed of Trust encumbers both Tract B and Tract C.

We affirm the trial court's judgment in favor of BANA with respect to the Schmitts' claim for reformation.

VACATED AND REMANDED IN PART, AFFIRMED IN PART.

Judges ELMORE and DAVIS concur.